SECURITY LIFE INSURANCE COMPANY v. INGRAM.

Opinion delivered December 13, 1920.

1. WITNESS—CORROBORATION.—Plaintiff, suing on a life insurance policy, can not corroborate his own testimony that he had received a certain letter from defendant's president by testifying that he had so advised defendant's local agent.

2. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE.—In an action on a life insurance policy, the erroneous admission of plaintiff's statement to the general agent of defendant concerning the receipt of a letter from the defendant's president, having the effect to corroborate plaintiff's testimony, was prejudicial to the defendant.

Appeal from Yell Circuit Court, Danville District; *George R. Haynie,* Special Judge; reversed.

*T. E. Helm,* for appellant.

1. The statement of appellee to Majors concerning the correspondence with Johnson, the president of the company, was incompetent and it was error to admit it, as it was prejudicial. It was not within the issues presented by the complaint but directly refuted them; it did

not sustain the theory of *payment* set up in the complaint but established the *nonpayment* and sought to show a reason for same. Proof that a person has *told* another a certain thing has been *is no proof that the thing has actually been done.* This error was perpetuated by the court in its instructions.

2. As a matter of fairness and justice, the motion for continuance should have been granted for surprise. 55 Ark. 567; 99 *Id.* 547. The latter case is conclusive of this. 99 *Id.* 553; 71 *Id.* 198; 9 Cyc. 129-130; 13 C. J. 174; 6 R. C. L. 554-5; 48 L. R. A. (N. S.) 224; 11 C. J. 176-7. The issue and cause upon which plaintiff relied was not set out in the pleadings, and up to the trial defendant had no notice and was surprised.

*Ratterree & Cochran* and *J. E. Chambers,* for appellee.

1. There was no abuse of discretion by the court in refusing a continuance. 55 Ark. 567; 82 *Id.* 105; 18 *Id.* 574. Motions for continuance are always addressed to the sound discretion of the court trying the case, and, unless there is a clear case of abuse of discretion, this court will not interfere. 103 Ark. 543.

2. There was no error in permitting Ingram and Howard to testify as to the conversation in January, 1919, and statement to Majors concerning the correspondence with Johnson, the president. The objections thereto are not well taken, as on cross-examination the attorney for defendant questioned Howard and Ingram at length concerning the same matter. A verdict will not be disturbed if supported by any evidence, however slight. 25 Ark. 474; 23 *Id.* 131; 49 *Id.* 122.

3. The verdict is supported by the evidence, and there is no error in the instructions.

McCulloch, C. J. This is an action to recover on an insurance policy issued by appellant March 20, 1917, on the life of appellee's wife, Lucinda A. Ingram, of Danville, Ark., the amount being payable to appellee. Ap-

pellant defended on the ground that the policy had lapsed on the failure to pay the premium.

When the policy was issued, the first annual premium was paid which carried the policy in force to March 20, 1918, and on that date at the request of the assured the premium installments were changed from annual to quarterly payments, being payable on the twentieth days of March, June, September and December, respectively. The payments due on the twentieth days of March, June and September, 1918, were paid, but the installment due on December 20, 1918, was never paid. The policy allowed thirty-one days of grace, which expired on January 20, 1919. Mrs. Ingram died on January 22, 1919.

On the trial of the cause appellee testified, as tending to show that there was no default in the payment of the installment of premium, that F. D. Majors of Danville was the general agent of appellant company at that place, and that, in a conversation with Majors, in regard to the payment, before the time expired, Majors told him that appellant company invariably sent him blank receipts for delivery to the policy holders and assured him that the receipts would come and would be presented to him before the time expired for paying that installment. Appellee also testified that he wrote to appellant company a letter making inquiry about the method of paying premiums, and that Mr. Johnson, the president of the company, wrote to him in reply stating that receipts would be in the hands of Mr. Majors, the agent, and instructed him to call on Mr. Majors and pay the premium, instead of forwarding the same to the home office of the company. He also testified, over the objections of appellant, that, after the receipt of the letter from Johnson, the president of the company, he told Majors he had received the letter from Johnson. Appellee was also permitted to prove by witness Howard, over appellant's objection, that on or about January 7, 1919, Howard and Majors called at appelle's house, and that the latter stated to Majors in Howard's presence that he had re-

ceived a letter from the insurance company stating that he could pay the premium to Majors.

Mr. Majors was introduced as a witness by appellant, and he testified that he was the agent of the company, with authority to solicit insurance, deliver policies, collect first premiums and also to collect other premiums when furnished receipts countersigned by the company, but that he had no authority to collect premiums until he had in his possession the countersigned receipts. Witness denied that appellee ever told him about receiving a letter from Johnson, the president of the company, or that he had ever had any conversation with appellee in regard to the payment of the last premium due.

After the close of the testimony and after the instructions had been delivered by the court, appellant's attorney moved for a continuance of the cause until the next term of the court on the ground of surprise at the testimony of appellee in stating that he had received a letter from Johnson telling him to pay the premium to Majors.

The statement of appellee to Majors concerning the correspondence with Johnson, the president of the company, was clearly incompetent, and the court erred in admitting it. The court allowed it to go to the jury "for the purpose of determining whether or not the agent here was advised by the plaintiff in this case that he had received such a letter." The fact that appellee informed Majors that he had received such a letter was not material, and the only effect this testimony could have had was to corroborate appellee in his statement that he had received the letter. This was not the proper method of corroboration, as appellee should not have been permitted to support his testimony to the effect that he had received the letter from Johnson by showing that on the occasion named he had so stated to Majors. This would be a mere corroboration of the witness by his own statement. It would have been competent for appellee to testify that, after receiving the letter from Johnson, the

president of the company, authorizing him to pay the premiums to Majors, he had tendered the amount of the premium to Majors, but appellee did not so testify, and his statement to Majors about receiving the letter did not have that effect. The error of the court in admitting this testimony was prejudicial, for the reason that the jury might not have accepted as true the testimony of appellee in the absence of the corroborating statement related by Howard as to what was said by appellee to Majors.

It is unnecessary to determine whether or not the court erred in refusing to postpone the trial of the case on account of the surprise caused by appellee's testimony in regard to the correspondence with the president of the company.

For the error indicated the judgment is reversed and the cause remanded for a new trial.